IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

    Plaintiff,                 No. CIV S-08-2490 FCD DAD PS

    vs.

GRANT JOINT UNION HIGH
SCHOOL DISTRICT, et al.,          <u>ORDER</u>

    Defendants.
_____/

        Plaintiff is proceeding pro se with the above-captioned case, which was removed from state court on October 20, 2008. By order filed May 20, 2009, the court denied plaintiff's request for summary judgment for lack of compliance with applicable rules, disregarded a document filed in express violation of the rules that govern the filing of discovery requests and responses, and disregarded a filing improperly titled "court decision." Since May 20, 2009, plaintiff has filed ten additional documents that do not comply with applicable rules, lack merit, and/or contain material misrepresentations.

        In a document titled "Summary Judgment," plaintiff asserts that the undersigned

> gave an order stating (1.) defendants will receive "no immunity"
> upon the actions that defendants performed, (2.) defendants motion
> to dismiss has been denied by above stated Magistrate Judge under

1

the protection of the Fourteenth (14th) Amendment Constitutional
Rights that comply with the following Local Rule 56-260 and
Federal Rule of Civil Procedure 56.

(Pl.'s Summ. J. filed May 29, 2009, at 1.)  Plaintiff demands a court order awarding him judgment against defendants in an amount up to three million dollars.  The court has not issued an order in this case addressing any defense based upon a claim of immunity or an order ruling on defendants' submitted motions to dismiss and to strike.  Plaintiff's purported summary judgment will be disregarded because the filing fails to comply with applicable rules and lacks a legal or factual basis.

Six documents filed between June 17, 2009 and July 23, 2009 bear various titles and cite assorted rules, but all contain false statements similar to those quoted above, and all contain a demand for judgment against defendants for millions of dollars.  An additional document filed on July 13, 2009 cites Federal Rule of Civil Procedure 69(a) and demands judgment against defendants for millions of dollars and execution of money judgment.  All of these documents lack a legal and factual basis and will be disregarded.

On July 20, 2009 and July 23, 2009, plaintiff filed state court forms titled "Writ of Execution (Money Judgment)."  Each proposed writ purports to direct the sheriff or marshal to enforce a judgment of three million dollars against defendants as judgment debtors.  The Clerk of the Court has declined to issued a writ because judgment has not been entered in this case.

The Federal Rules of Civil Procedure provide that

> [b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Plaintiff has violated Rule 11(b) repeatedly by signing and filing documents that assert inapplicable legal contentions and present factual contentions that are utterly lacking in evidentiary support.  No order filed in this case resembles the order described by plaintiff in his filings, and no judgment has been entered in the case.  Plaintiff cannot have a reasonable belief that he was served with such documents in this action, as no such documents have been filed.  Plaintiff is cautioned that any subsequent Rule 11 violation may result in an order requiring him to show why sanctions should not be imposed.  If plaintiff cannot pay monetary sanctions, other sanctions will be considered.  Sanctions may include a recommendation that this action be dismissed for failure to comply with applicable rules and court orders.  <u>See</u> Local Rule 11-110.

In light of plaintiff's repeated filing of frivolous requests and motions, defendants will be relieved of the obligation to respond to any request or motion filed by plaintiff in this action, unless the court issues an order requiring a response.

Accordingly, IT IS ORDERED that:

1. All of plaintiff's documents filed on various dates from May 29, 2009 through July 23, 2009  (Doc. Nos. 36, 37, 38, 39, 40, 41, 42, 43, 44, and 45) shall be disregarded for the reasons stated in the text of this order; and

/////
/////
/////
/////
/////

2. Defendants are not required to respond to any motion or request filed by plaintiff in this case, absent a court order requiring a response.

DATED: July 29, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\ingram2490.disregard2