IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

    Plaintiff,                           No. CIV S-08-2490 FCD DAD PS

    vs.

GRANT JOINT UNION HIGH
SCHOOL DISTRICT, et al.,           ORDER

    Defendants.

        Plaintiff is proceeding pro se with the above-captioned civil rights action, which was removed from state court on October 20, 2008. The case came before the court on March 6, 2009, for hearing on defendants' motion to strike portions of plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(f) (Doc. No. 19) and defendants' motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 17). Plaintiff, Chaderick A. Ingram, proceeding pro se, appeared on his own behalf. Jason M. Sherman, Esq. appeared for the defendants. Upon consideration of all written materials filed in connection with the motion, the parties' arguments at the hearing, and the entire file, the undersigned concludes that defendants' motion to dismiss should be granted in part, plaintiff should be granted leave to file a second amended complaint and defendants' motion to strike should be granted.

BACKGROUND

Plaintiff initially filed his complaint against defendants Grant Joint Union High School District[1] and school district police officers Breck and Scott in the Sacramento County Superior Court on August 13, 2008. (Doc. No. 1 at page 5 of 9.) In that complaint plaintiff sought relief pursuant to 42 U.S.C. § 1983. On October 20, 2008, defendants removed the action to this court pursuant to 28 U.S.C. § 1441(b). On October 23, 2008, defendants moved to dismiss the complaint. In response to that motion, on October 31, 2008, plaintiff filed an amended complaint. (Doc. No. 14.) On November 6, 2008, the undersigned issued an order denying defendants' motion to dismiss as moot, providing defendants ten days to respond to the amended complaint. On November 19, 2008, defendants filed the pending motions to strike and dismiss. (Doc. Nos. 17 & 19.) Both motions were originally noticed for hearing on January 16, 2009. At that hearing the court noted plaintiff had failed to file written opposition to the pending motions. With no objection from defense counsel, the court continued the hearing to provide plaintiff additional time to file oppositions. On January 20, January 23 and February 13, 2009, plaintiff filed written oppositions. (Doc. Nos. 24, 25 & 26.) On February 26, 2009, defendants filed replies in connection with both pending motions. (Doc. Nos. 27 & 28.)

PLAINTIFF'S CLAIMS

In his somewhat difficult to decipher amended complaint, plaintiff alleges that his rights under the First, Sixth, and Fourteenth Amendments were violated by the defendants.[2] In his first cause of action plaintiff alleges as follows. On August 16, 2007, at 2:00 p.m., plaintiff was sitting in his car parked at his residence. (Am. Compl. at 2.) He exited his car and started toward his residence, when he was startled by someone yelling "hey you." (Am. Compl. at 3.)

---

[1] Erroneously sued, according to defendants, as Grant Joint Union High School District, Police Service Division.

[2] Plaintiff entitled the pleading, "Complaint for Damages under 42 USC (sic) § 1983; Civil Rights Violation; Personal Injury." (Doc. No. 14.)

1  Plaintiff began to run and heard sirens and people yelling at him. (Id.) Upon realizing that he
2  was being addressed by police officers, plaintiff turned and saw that officers had their weapons
3  drawn and pointed at him and were instructing him to come to them. (Id.) Plaintiff walked
4  toward a gate to get to where the officers were and, as he did so, defendant officers Breck and
5  Scott and other officers grabbed plaintiff and pulled him by his shirt "over and off a fence" that
6  was five foot high. (Id.) The officers slammed plaintiff to the pavement, breaking his left leg,
7  ankle and toe, and then deliberately applied pressure to plaintiff's leg even after he had told them
8  that they had broken it. (Id.) The officers detained him while conducting a warrant check; found
9  a failure by plaintiff to appear in a driving without a license misdemeanor case and issued him a
10 citation/promise to appear. Plaintiff went to the hospital immediately after the incident and was
11 found to have suffered a broken leg. (Id.) Plaintiff asserts that defendants had no right to stop
12 him in the first place. However, even if the stop was justified, he claims that the defendant
13 officers had no right to use excessive force against him and especially no right to deliberately
14 apply pressure to his broken leg for the sole purpose of causing him pain. (Id. at 4.)

15         The second cause of action of plaintiff's amended complaint is even more difficult
16 to decipher. Therein, plaintiff appears to allege some of the same facts set forth above with
17 respect to the August 16, 2007, incident. (Id. at 5-11.) However, although all relate to that
18 incident, some of the factual allegations of the second cause of action are new and many would
19 appear to be inconsistent with those alleged in the first cause of action. For instance, in his
20 second cause of action plaintiff alleges that the defendant officers stopped him in the middle of
21 an intersection before harassing him over an active misdemeanor warrant. (Id. at 6.) Plaintiff
22 also alleges that from his own back yard he surrendered to three officers who were in the next
23 door neighbor's yard. (Id. at 6-7.) Plaintiff claims that he sat down and lit the cigarette during
24 this interchange and then peacefully approached the officers, who dragged him over the fence as
25 soon as they could reach him. (Id.) He alleges that the officers then slammed him to the ground
26 head first and that defendant Scott tried to choke him and placed his knee on the back of

plaintiff's neck while defendant Breck twisted and applied pressure to plaintiff's injured leg and ankle. (Id. at 8.) Plaintiff claims that the officers dragged him back into his yard despite his injuries and then dragged him to the patrol car. (Id.) Plaintiff claims that after the described assault he was not taken to jail but instead merely required to sign a promise to appear. (Id. at 9.) He alleges the same injuries as those alleged in his first cause of action.[3]

Plaintiff claims that as a result of the defendants' actions he has suffered personal injury, pain and suffering, emotional trauma, extreme fear, anxiety, loss of income, and loss of future income. He seeks $3.5 million in damages as well as costs of suit.

## ARGUMENTS OF THE PARTIES

In their motion to dismiss for failure to state a claim, defendants first argue that plaintiff has failed to allege any facts suggesting a custom or policy by the defendant Grant Joint Union High School District. Because of the failure to allege any such facts, and because local government agencies cannot be sued on a respondeat superior theory for the unconstitutional acts of their employees, defense counsel argues that the motion to dismiss should be granted with respect to the defendant school district.

Counsel next argues that with respect to the defendant police officers, plaintiff has failed to allege any facts stating a cognizable claim under the First, Sixth or Fourteenth Amendments since a claim of the excessive use of force by police in the course of an arrest or investigatory stop is governed by the Fourth Amendment. Counsel also attempts to argue that plaintiff cannot state a cognizable claim under the Fourth Amendment because the officers'

---

[3] The second cause of action also contains a number of disjointed, out of context allegations, including that: plaintiff suffers from schizophrenia and paranoia; plaintiff has been shot at in the past twice while his back was turned; plaintiff had a valid driver's license and was not driving when the alleged events occurred; plaintiff's mother filed a complaint immediately after she learned of his "harassment"; the defendants are not to be trusted and plaintiff fears for his life, believing he is targeted by the officers; the school district police are "known for shooting people dead in the head at high school (events) games. Trigger happy is the term."; and due to his injuries, plaintiff can't perform and his self-employment as a performer is threatened "by corrupt officers." (Am. Compl. at 5-11.)

actions were reasonable under the circumstances. Finally, counsel contends that the defendant officers are entitled to dismissal on qualified immunity grounds because there is no clearly established rule prohibiting the officers from acting as they did.

Finally, in their motion to strike defendants argue that some specific allegations of plaintiff's amended complaint are immaterial, irrelevant, impertinent or scandalous and should therefore be stricken.[4]

Plaintiff filed three pleading which the court has construed, in combination, as constituting his opposition to the pending motions.[5] In large part, those filings repeat the allegations of plaintiff's amended complaint, although they also contain claims that the defendant officers issued a fraudulent citation to plaintiff and that plaintiff is aware of witnesses that will support his version of events. Plaintiff does not respond to any of defendants' legal arguments in support of their motions.

LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTIONS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus,
/////

---

[4] Many of the challenged allegations are those referred to in fn. 3, supra.

[5] Plaintiff is advised that only a single opposition to each motion is authorized. See Local Rule 78-230(c). Plaintiff's multiple filings in response to defendants' motion to dismiss were unauthorized. In this instance, the court has considered those filings in light of plaintiff's pro se status. However, if plaintiff wishes to pursue this action, the court will not continue to consider his unauthorized pleadings. Moreover, plaintiff is again warned that failure to comply with the Local Rules of this court, the applicable Federal Rules of Civil Procedure and this court's orders may result in the imposition of sanctions, including dismissal of this action.

1  a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the
2  plaintiff's claims, even if the plaintiff's allegations are true.

3  In determining whether a complaint states a claim on which relief may be granted,
4  the court accepts as true the allegations in the complaint and construes the allegations in the light
5  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.
6  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less
7  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,
8  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the
9  form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The
10 court is permitted to consider material which is properly submitted as part of the complaint,
11 documents not physically attached to the complaint if their authenticity is not contested and the
12 plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los
13 Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

14 A motion to strike pursuant to Rule 12(f) allows a court to strike "from any
15 pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous
16 matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the
17 expenditure of time and money that must arise from litigating spurious issues by dispensing with
18 those issues prior to trial . . . ."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.
19 1983).  A motion to strike is well-taken when "it is clear that the matter to be stricken could have
20 no possible bearing on the subject matter of litigation."  LeDuc v. Kentucky Central Life Ins. Co.,
21 814 F. Supp. 820, 830 (N.D. Cal. 1992).  Impertinent allegations are those that are not responsive
22 or relevant to issues involved in the action and which could not be admitted as evidence in the
23 litigation.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds
24 by Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 (1994).  "Scandalous" within the meaning of Rule
25 12(f) includes allegations that cast a cruelly derogatory light on a party or other person.  Talbot v.
26 Robert Mathews Distributing Co., 961 F. 2d 654, 665 (7th Cir. 1992).  Ultimately, whether to

6

grant a motion to strike applying these standards lies within the sound discretion of the district court. Fantasy, Inc. v. Fogerty, 984 F.2d at 1527; see also California Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F. Supp. 2d 1028, 1032-33 (C.D. Cal. 2002).

ANALYSIS

I. Lack of Allegations as to Defendant Grant Joint Union High School District

As noted, defense counsel argues that plaintiff's amended complaint contains no allegations setting forth a cognizable claim against the defendant school district. That argument is well-taken.

The Civil Rights Act of 1964 provides that

> [e]very person who, under color of [state law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A plaintiff proceeding under this statute must allege and ultimately prove that (1) he or she was deprived of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Section 1983 also requires that there be an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by each plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

7

1  causal link between him and the claimed constitutional violation must be specifically alleged.
2  See Fogel v. Collins, 531 F.3d 824, 834 (9th Cir. 2008); Fayle v. Stapley, 607 F.2d 858, 862 (9th
3  Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
4  allegations concerning the involvement of official personnel in civil rights violations are not
5  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, a complaint
6  must allege specific facts concerning each defendant's violation of plaintiff's rights and must
7  allege facts explaining how any conduct complained of resulted in a deprivation of plaintiff's
8  federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  There can be no liability under
9  42 U.S.C. § 1983 unless there is an affirmative link or connection between each defendant's
10 actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,
11 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

In order to state a cognizable claim of municipal liability a plaintiff must allege in specific terms that he was injured as the consequence "of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy [.]" Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978).  See also Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

Here, plaintiff's amended complaint contains no allegations of a policy or custom on the part of the defendant school district pursuant to which he was subject to harm.  His amended complaint simply alleges no facts that would make the defendant school district liable for what the defendant police officers did or did not do on the date in question.  Accordingly, the amended complaint must be dismissed as to the Defendant Grant Joint Union High School District.

II.  Plaintiff's First and Sixth Amendment Claims

Defendants argue that plaintiff's amended complaint fails to state a cognizable First Amendment or Sixth Amendment claim.  They are correct.  The central allegation of plaintiff's amended complaint is that the defendant police officers engaged in the excessive use

of force against him in carrying out an investigatory stop. The United States Supreme Court has held that "a free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person" is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." Graham v. Connor, 490 U.S. 386, 388 (1989). See also United States v. Guzman-Padilla, 573 F.3d 865, 876 (9th Cir. 2009); Davis v. City of Las Vegas, 478 F.3d 1048, 1053-54 (9th Cir. 2007); Smith v. City of Hemet, 394 F.3d 689, 700 (9th Cir. 2005) (en banc). Plaintiff has failed to allege any facts that would suggest a cognizable claim under either the First or Sixth Amendments to the United States Constitution. To the extent plaintiff's amended complaint suggests otherwise, it is subject to dismissal.

III. Excessive Force Actionable Under the Fourth Amendment

Defendants also argue that the allegations set forth in the amended complaint would fail to state a cognizable claim for a deprivation of plaintiff's rights under the Fourth Amendment for the excessive use of force in connection with an investigatory stop or detention. The court finds defendants' argument unpersuasive in this regard.

Determining whether an officer's use of force was reasonable under the Fourth Amendment "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." Graham, 490 U.S. at 396. See also Scott v. Harris, 550 U.S. 372, 383 (2007); Guzman-Padilla, 573 F.3d at 877. The court is to consider the totality of the circumstances in making this determination. Samson v. California, 547 U.S. 843, 848 (2006); Guzman-Padilla, 573 F.3d at 876. Thus, the analysis begins with the assessment of "the quantum of force used to arrest [the plaintiff]" and the measuring "the governmental interests at stake by evaluating a range of factors." Davis, 478 F.3d at 1054 (quoting Deorle v. Rutherford, 272 F.3d 1272, 1279-80 (9th Cir. 2001)). In Graham, the Supreme Court set forth an non-exhaustive list of factors to be considered in evaluating whether the force used to effect a particular seizure is reasonable,

including (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect actively resists detention or attempts to escape. 490 U.S. at 394-85 (citing Tennessee v. Garner, 47 U.S. 1, 8-9 (1985)); Davis, 478 F.3d at 1054. Another factor that may be considered is "the availability of alternative methods of capturing or subduing a suspect." Davis, 478 F.3d at 1054 (quoting Smith, 394 F.3d at 701).

This "'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397. Of course, "[t]he use of force against a person who is helpless or has been subdued is constitutionally prohibited." Motley v. Parks, 432 F.3d 1072, 1088 (9th Cir. 2005) (and cases cited therein).

Liberally construing plaintiff's amended complaint, as the court must, he alleges that on the day in question he had an outstanding warrant for failing to appear on a misdemeanor driving without a license charge. While he was walking from his car to his residence, someone from behind him yelled "hey you." Plaintiff began to run, not realizing that he was being pursued by officers. Once he realized they were officers, plaintiff walked toward them to cooperate. However, defendants Breck and Scott and other officers grabbed him, pulled him over and off of a five foot high fence and slammed him to the concrete pavement, breaking his left leg and ankle and a toe on his left foot. Even though he was not resisting and told the officers his leg was broken, they began applying pressure to plaintiff's broken leg causing him excruciating pain. The officers did not arrest plaintiff but rather issued him a notice to appear and released him. Plaintiff went to the hospital where his broken leg was diagnosed and treated. These are plaintiff's allegations which, at this stage of litigation, must be accepted as true. Those factual allegations state a cognizable claim for the violation of plaintiff's rights under the Fourth Amendment pursuant to the legal standards governing such a claim as set forth above.

Defendants' argument to the contrary is inconsistent with the standards applicable to the court's consideration of a motion to dismiss under Rule 12(b)(6). Moreover, to the extent defendants rely on information outside the pleadings; such material is not suitable for consideration on a motion to dismiss for failure to state a claim, but rather should be presented in support of a motion for summary judgment at the appropriate time.

However, as noted above, plaintiff has not characterized his excessive use of force claim as one arising under the Fourth Amendment. Moreover, at least some of the factual allegations set forth in plaintiff's amended complaint appear to be inconsistent with one another. At the hearing on these motions it appeared that plaintiff is capable of clarifying his allegations and of properly characterizing his excessive force claim as arising under the Fourth Amendment. Accordingly, he will be permitted to do so in an second amended complaint.

IV. Qualified Immunity

"Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When a court is presented with a qualified immunity defense, the central questions for the court are (1) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right and (2) whether the right at issue was "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001).

Although the court was once required to answer these questions in order, the United States Supreme Court has recently held that "while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory." Pearson v. Callahan, ___ U.S. ___, ___, 129 S. Ct. 808, 818 (2009). In this regard, if a court decides that plaintiff's allegations do not make out a statutory or constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201. Likewise, if a court determines that

the right at issue was not clearly established at the time of the defendant's alleged misconduct, the court may end further inquiries concerning qualified immunity at that point without determining whether the allegations in fact make out a statutory or constitutional violation. Pearson, 129 S. Ct. at 818-21.

In deciding whether the plaintiff's rights were clearly established, "[t]he proper inquiry focuses on whether 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted' . . . or whether the state of the law [at the relevant time] gave 'fair warning' to the officials that their conduct was unconstitutional." Clement v. Gomez, 298 F.3d 898, 906 (9th Cir. 2002) (quoting Saucier, 533 U.S. at 202). The inquiry must be undertaken in light of the specific context of the case. Brosseau v. Haugen, 543 U.S. 194, 198 (2004); Saucier, 533 U.S. at 201. Because qualified immunity is an affirmative defense, the burden of proof initially lies with the official asserting the defense. Harlow, 457 U.S. at 812; Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992); Benigni v. City of Hemet, 879 F.2d 473, 479 (9th Cir. 1989).

Above, the undersigned has already determined that plaintiff's factual allegations are sufficient to state a cognizable Fourth Amendment claim for the excessive use of force against defendants Breck and Scott. The remaining question posed by the motion to dismiss on qualified immunity grounds is, therefore, whether a reasonable officer would have known that it violated clearly established law to grab a non-resisting individual, pull him over and off of a five foot high fence, slam him to the pavement, breaking his left leg and ankle and a toe and, knowing his leg was broken, applying pressure to the broken leg for the purpose of causing him pain.[6] The court answers that question in the affirmative, that is, a reasonable officer in August of 2007 would have known that such conduct was unlawful. Therefore the court must deny the motion to

---

[6] Again, these are the allegations of plaintiff's complaint which, at this stage of litigation, must be accepted by the court as true in assessing defendants' claim of entitlement to qualified immunity. Blankenhorn v. City of Orange, 485 F.3d 463, 477-78 (9th Cir. 2007).

1  dismiss on qualified immunity grounds.  See Blankenhorn v. City of Orange, 485 F.3d 463, 477-
2  481 (9th Cir. 2007) (defendants not entitled to qualified immunity on plaintiffs' excessive force
3  claims when those claims were viewed in light most favorable to plaintiffs and where plaintiffs'
4  rights were clearly established).

5  V.  <u>Defendants' Motion to Strike</u>

6          As noted above, the court may strike "from any pleading any . . . redundant,
7  immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Defendants move to
8  strike from the amended complaint plaintiff's references to the following: that he has been shot
9  twice while his back was turned (¶ 24); the Grant Joint Union High School District Police
10 Service Division is known for shooting people at high school sporting events and is "trigger
11 happy"; his mother immediately filed a complaint with Grant Joint Union High School District
12 Police Service Division regarding their treatment of plaintiff (¶ 37); a comment belittling the
13 search procedures employed by the police officers (¶ 37); "defendants are not to be trusted"
14 (¶ 38) and a reference to "corrupt officers" (¶ 40).   Plaintiff has not opposed this motion.

15         Defendants' motion to strike is well-taken.  The above-cited allegations of
16 plaintiff's amended complaint are most charitably characterized as pure argument which is
17 immaterial and, at worst, as scandalous.  The motion to strike will be granted.  Plaintiff is
18 directed not to include such allegations in any second amended complaint he elects to file in this
19 action.  A failure to abide by this directive will result in the imposition of sanctions.

20                               LEAVE TO AMEND

21         As discussed above, the court finds the motion to dismiss plaintiff's claims
22 against defendant Grant Joint Union High School District and his First and Sixth Amendment
23 claims against defendants Breck and Scott to be well-taken.  The court has also concluded that
24 defendants' motion to strike the specified allegations of the amended complaint should be
25 granted.  However, for the reasons set forth above, the court rejects defendants' argument that
26 plaintiff has not alleged a cognizable Fourth Amendment claim for excessive use of force as well

as their argument that officers Breck and Scott are entitled to dismissal on qualified immunity grounds. The court has also noted that plaintiff has not properly presented his cognizable excessive use of force claim as one brought under the Fourth Amendment and that certain other allegations of his amended complaint are confusing and appear to be inconsistent with one another. Accordingly, the court will dismiss plaintiff's amended complaint and grant him leave to file a second amended complaint in which he is to clarify his factual allegations, clearly state that he is bringing his excessive use of force claim under the Fourth Amendment and may, if he elects to do so, attempt to allege facts in support of a cognizable Monell claim against the Grant Joint Union High School District in keeping with the legal standards governing such a claim as set forth above. Plaintiff shall not include in any second amended complaint the allegations that the court has stricken from the amended complaint.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make any second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, neither the original pleading nor the amended complaint, serve any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.[7]

---

[7] Above the court has set out in some detail the legal standards governing the claims that plaintiff is apparently attempting to pursue in this action. Plaintiff is advised to consult those standards in determining whether, in good faith, he can allege a cognizable claim or claims. The court reminds plaintiff that in its order filed July 30, 2009, he was cited for repeated violations of Rule 11(b) of the Federal Rules of Civil Procedure in connection with the signing and filing of documents asserting inapplicable legal and factual contentions utterly lacking in evidentiary support. Plaintiff was cautioned in that order that any subsequent Rule 11 violation may result in an order requiring him to show why sanctions should not be imposed, including a possible recommendation that this action be dismissed for failure to comply with applicable rules and court orders. See Local Rule 11-110. Plaintiff's latest filing of August 28, 2009, may reflect that plaintiff cannot or will not comply with the applicable rules. Plaintiff is forewarned that should he continue to disregard those rules, the court will recommend that this action be dismissed.

OTHER MATTERS

On May 29, 2009, plaintiff filed a motion for summary judgment (Doc. No. 36) which he did not notice for hearing as required by the Local Rules. On July 30, 2009, the undersigned issued an order stating that plaintiff's motion, as well as six other he had subsequently filed, would be disregarded because they failed to comply with the applicable rules and lacked any legal or factual basis whatsoever. (Doc. No. 49.)[8] Nonetheless, on August 28, 2009, plaintiff filed a document entitled "Hearing for Summary Judgment for Relief Pursuant to Fed. R. Civ. Procedure 56 and Local Rule 56-260." (Doc. No. 51.) Therein, plaintiff states that he is moving the court "to grant his Summary Judgment (sic) for relief on file herein." (Id.) The documents contains the same misrepresentation regarding this court's prior orders as noted in the court's order filed July 30, 2009. Plaintiff noticed the requested hearing for October 2, 2009. Whether plaintiff's latest filings are construed as an attempt to notice his previously disregarded motion for summary judgment for hearing or is an attempt to improperly move yet again for summary judgment is of no consequence. For the reasons set forth in the court's order of July 30, 2009, plaintiff's notice of motion will be disregarded and the noticed October 2, 2009, hearing will be vacated. Plaintiff shall file no other pleading with this court until and unless he has filed a second amended complaint consistent with the terms of this order.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' November 19, 2008, motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 17) is granted to the extent set forth above.

2. Defendants' November 19, 2008, motion to strike portions of plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(f) (Doc. No. 19) is granted.

---

[8] See fn. 7, supra.

3. Plaintiff is granted leave to file a second amended complaint which shall be filed and served within thirty days of the date of this order. The second amended complaint must bear the case number assigned to this case, must be titled "Second Amended Complaint," must identify in the caption all defendants against whom plaintiff now wishes to proceed, and must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

4. Plaintiff's notice of hearing on motion for summary judgment (Doc. No. 51) filed August 28, 2009, will be disregarded and the noticed October 2, 2009, hearing date is vacated.

DATED: September 10, 2009.

*(signature)*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.prose\ingram2490.mtd