1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  CHADERICK A. INGRAM,

11            Plaintiff,                    No. CIV S-08-2490 FCD DAD PS

12       vs.

13  GRANT JOINT UNION HIGH
    SCHOOL DISTRICT, et al.,                ORDER
14
            Defendants.
15  _____/

16          Plaintiff is proceeding pro se in this court in at least seven cases removed from

17  state court by various defendants.  A review of the dockets for these cases[1] reveals that plaintiff

18  has filed numerous improper documents, including motions that do not comply with applicable

19  rules.  Although three magistrate judges have advised plaintiff of the defects of his filings, and

20  despite the fact that deficient motions have been denied or disregarded, plaintiff continues to file

21  such documents.  Before the court is a document that purports to set a hearing on plaintiff's most

22  recent motion for summary judgment in this case.

23          Plaintiff's motion, like his previous motions, fails to comply with Federal Rule of

24  Civil Procedure 56 and Local Rule 56-260.  Local Rule 56-260 specifically requires, as plaintiff

25

26          [1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
    803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1   himself acknowledges in his pending motion, that a motion for summary judgment "shall be

2   accompanied by a Statement of Undisputed Facts that shall enumerate discretely each of the

3   specified material facts relied upon in support of the motion and cite the particular portions of

4   any pleading, affidavit, deposition, interrogatory answer, admission or other document relied

5   upon to establish that fact."  Local Rule 56-260(a).  In addition, the moving party "shall be

6   responsible for the filing with the Clerk of all evidentiary documents cited in the moving papers."

7   Id.  Although plaintiff's motion sets out these requirements, the motion does not include a

8   numbered list of all material facts needed to prove his claims in this case.  Nor does plaintiff cite

9   evidentiary documents, such as affidavits sworn under penalty of perjury or discovery responses.

10   Instead, plaintiff claims that he "submitted all evidence to courts" and asserts that

11              [t]his suit has been heard in the courts as records can show.  This
             motion and the events through out the suit includes just that what
12           Local Rule 56-260 describes through out this whole motion.  There
             has been a few hearings regarding this suit, undisputed facts and
13           disputed facts crossed the table in court, and Plaintiff had to amend
             the complaint dismissing Does 1 to 50 to move forward with the
14           Plaintiffs suit for final judgment.

15   (Pl.'s Hearing for Summ. J. at 2 & 5.)

16              There has been no hearing in this case in which documentary evidence was

17   received or in which witness testimony was taken.  When a plaintiff moves for summary

18   judgment in his favor, he cannot rely on the allegations of his complaint, on facts alleged in court

19   during argument on a motion to dismiss, or on witness statements either not sworn to be true

20   under penalty of perjury or not based on personal knowledge.  See Houghton v. South, 965 F.2d

21   1532, 1536 (9th Cir. 1992) (holding that where the party moving for summary judgment will bear

22   the burden of proof at trial, he must support his summary judgment motion with evidence which

23   would entitle him to a directed verdict if his evidence went uncontroverted at trial).

24              Plaintiff was previously advised that

25              [b]y presenting to the court a pleading, written motion, or other
             paper – whether by signing, filing, submitting, or later advocating
26           it – an attorney or unrepresented party certifies to the best of the

person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing law or for establishing new law;

(3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Plaintiff has been cautioned against filing documents that assert inapplicable legal contentions and present factual contentions that are lacking in evidentiary support.  See also Local Rule 11-110.

As a sanction for plaintiff's repeated filing of deficient and premature motions for summary judgment,[2] the undersigned will now preclude plaintiff from filing any further motion for summary judgment in this action until the court issues an order specifically granting him leave to file such a motion.  Until such an order is issued, if plaintiff files any document, however titled, that seeks summary judgment or notices a hearing on summary judgment, the undersigned will recommend that the assigned district judge declare plaintiff a vexatious litigant and dismiss this action with prejudice for repeated violation of applicable rules and orders.

As previously ordered, defendants are relieved of the obligation to respond to any request or motion filed by plaintiff in this action, unless the court issues an order requiring a response.

---

[2]  Plaintiff has amended his complaint in this action twice.  Defendants' motions to dismiss and to strike plaintiff's Second Amended Complaint or for more definite statement are set for hearing on November 6, 2009.  No scheduling order has been issued.

1    Accordingly, IT IS ORDERED that:

2    1.  Plaintiff's October 5, 2009 motion for summary judgment (Doc. No. 61) is

3 denied, and the noticed hearing date of November 6, 2009 is vacated.

4    2.  Plaintiff is prohibited from filing in this action any further document seeking

5 summary judgment or noticing a hearing on summary judgment until the court issues an order

6 granting him leave to file such a motion.

7 DATED: October 13, 2009.

8

9    _Dale A. Drozd_
     _____
10   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

11   DAD:kw
     Ddad1\orders.prose\ingram2490.sanction.ord
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4