IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

      Plaintiff,                       No. CIV S-08-2490 FCD DAD PS

    vs.

GRANT JOINT UNION HIGH
SCHOOL DISTRICT, et al.,           ORDER

      Defendants.
_____/

        Pursuant to a court order filed October 14, 2009, plaintiff is prohibited from filing in this case any document seeking summary judgment or noticing a hearing on summary judgment, absent a court order granting him leave to do so. On November 9, 2009, plaintiff filed motions for "Relief from Judgment or Order Pursuant to Federal Rules of Civil Procedure 60," for "Findings and Conclusions and Judgment on Partial Findings Pursuant to Federal Rules of Civil Procedure 52," for "Appealing Judgment for Defendants Pursuant to Federal Rules of Civil Procedure 73," and for "Requests for Admission Pursuant to Federal Rules of Civil Procedure 36 and Local Rule 36-250," all noticed for hearing on December 11, 2009. By this order, the motions are denied.

        Plaintiff's purported Rule 60 motion, which is addressed to "Defendants <u>Social Security Administration; Van Nguyen</u>" rather than to the defendants in this action, is a Rule 60

1

motion in name only. In a memorandum of points and authorities, under the heading "Standard Procedure for Federal Rules of Civil Procedure 60," plaintiff paraphrases the first sentence of Rule 60(b) but fails to specify any ground for relief and fails to identify any order from which he seeks relief. Plaintiff presents no analysis or discussion of Rule 60 but instead argues the merits of his claims and prays for judgment against defendants in an amount up to $300,000,000.00 and for costs of suit. This motion fails to establish any basis for relief under Rule 60.

Plaintiff's purported Rule 52 motion is equally frivolous. The rule applies to cases that have been tried without a jury or with an advisory jury, but this case has not been tried. Indeed, the case remains at the pleading stage.[1] If this case proceeds to trial, Rule 52 will not apply because defendants' notice of removal was accompanied by a demand for trial by jury. Plaintiff presents no analysis or discussion of Rule 52 but instead argues the merits of his claims and prays for judgment against defendants in an amount up to $300,000,000.00 and for costs of suit. This motion fails to establish any basis for findings and conclusions or for judgment on partial findings under Rule 52.

Plaintiff's purported Rule 73 motion is frivolous as well. The rule applies to cases in which all parties have consented to trial before a magistrate judge, but the parties in this case have not consented to trial before a magistrate judge. Moreover, a party cannot appeal a judgment entered pursuant to Rule 73 until a judgment has been entered, and no judgment has been entered in this case. In addition, a party who wishes to appeal a Rule 73 judgment does so by filing a notice of appeal, not by filing a motion. Plaintiff presents no analysis or discussion of Rule 73 but instead argues the merits of his claims and prays for judgment against defendants in an amount up to $300,000,000.00 and for costs of suit. This motion fails to establish any basis for an appeal pursuant to Rule 73.

/////

---

[1] At the present time, defendants' motion to dismiss plaintiff's second amended complaint is submitted for decision.

Plaintiff's purported Rule 36 motion is frivolous because it does not arise from a request for admissions or any other discovery request. Plaintiff presents no analysis or discussion of Rule 36 but instead argues the merits of his claims and prays for judgment against defendants in an amount up to $300,000,000.00 and for costs of suit. This motion fails to establish any basis for an order pursuant to Rule 36.

Although plaintiff's four motions are variously named, all of the motions seek the same relief sought in plaintiff's defective summary judgment motions. As such, plaintiff's motions have been filed in violation of the order precluding plaintiff from filing motions for judgment in his favor. In addition, the submitting of motions based on rules that do not apply is a violation of Federal Rule of Civil Procedure 11. Plaintiff has been advised that by filing a document a party is certifying that he conducted a reasonable inquiry, is not presenting the document for any improper purpose, and is offering legal contentions supported by applicable law along with factual contentions that have evidentiary support. Fed. R. Civ. P. 11(b). The undersigned finds that plaintiff's four motions were filed for the improper purposes of (1) flouting the court's October 14, 2009 order, (2) harassing defendants as well as the court, (3) causing delay, and (4) increasing the cost of this litigation for defendants and the court. The undersigned also finds that plaintiff filed his motions without conducting a reasonable inquiry into the application of the federal and local rules relied upon, failed to present motions supported by applicable law, and failed to present factual contentions that have evidentiary support.

As a sanction for the filing of multiple frivolous motions in an apparent attempt to circumvent the court's order precluding the filing of summary judgment motions, the court will now preclude plaintiff from filing any motion or request of any kind in this action until the undersigned has issued findings and recommendations addressing defendants' submitted motions to dismiss, to strike, and for sanctions. See Fed. R. Civ. P. 11; Local Rule 11-110.

/////

/////

Accordingly, IT IS ORDERED that:

1. Plaintiff's November 9, 2009 motions (Doc. Nos. 65, 66, 67, and 68) are denied and will not be placed on the court's calendar for hearing.

2. Plaintiff is prohibited from filing any motion or request of any kind in this action until the undersigned has issued findings and recommendations addressing defendants' submitted motions to dismiss, to strike, and for sanctions. Failure to comply with this order will result in a recommendation that this action be dismissed with prejudice due to plaintiff's repeated violations of applicable rules and court orders.

DATED: November 18, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\ingram2490.ord.motsden