IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHADERICK A. INGRAM,<br><br>  Plaintiff,<br><br>  vs.<br><br>GRANT JOINT UNION HIGH<br>SCHOOL DISTRICT, et al.,<br><br>  Defendants.<br>_____/ | No. CIV S-08-2490 FCD DAD PS<br><br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

       This case came before the court on November 6, 2009, for hearing on defendants' motions (1) to strike pursuant to Federal Rule of Civil Procedure 12(f) (Doc. No. 54), (2) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or for more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (Doc. No. 56), and (3) for sanctions pursuant to 28 U.S.C. § 1927 and the court's inherent powers (Doc. No. 58). Jason M. Sherman, Esq. appeared for the defendants. No appearance was made by or on behalf of plaintiff, who is proceeding pro se in this matter, and no written opposition to the motion was filed by plaintiff. The motions were taken under submission.

       Also before the court are plaintiff's motions for appealing a judgment or order pursuant to Federal Rule of Civil Procedure 73, for in forma pauperis status, and for transcripts at government expense. Plaintiff did not notice these motions for hearing.

1

Upon consideration of all written materials filed in connection with the parties' motions and the entire file, the undersigned will recommend that defendants' motion to dismiss plaintiff's second amended complaint be granted in part, that defendants' motion for more definite statement be denied as to the remaining claims, that defendants' motion to strike specific allegations be granted, and that defendants' motion for sanctions be denied. Plaintiff's motions will be denied.

## BACKGROUND

Plaintiff filed a complaint against defendants Grant Joint Union High School District[1] and school district police officers C. Breck and M. Scott in Sacramento County Superior Court on August 13, 2008, seeking relief under 42 U.S.C. § 1983. (Doc. No. 1, Ex. A.) On October 20, 2008, defendants removed the action to this court pursuant to 28 U.S.C. § 1441(b). Three days later, defendants moved to dismiss the complaint. Plaintiff responded by filing an amended complaint. (Doc. No. 14.) Defendants' motion to dismiss was denied as moot, and defendants were granted ten days to respond to the amended complaint. (Doc. No. 16.) Defendants filed a timely new motion to dismiss together with a motion to strike portions of the amended complaint. (Doc. Nos. 17 & 19.) Those motions were ultimately granted, after hearings on January 16, 2009, and March 6, 2009, and plaintiff was granted leave to file a second amended complaint. (Doc. No. 52.) Plaintiff filed a timely second amended complaint on September 14, 2009. (Doc. No. 53.) On September 21, 2009, defendants filed the three motions that were heard on November 6, 2009.

## PLAINTIFF'S CLAIMS

Plaintiff's first amended complaint, entitled "Amended Complaint for Damages under 42 USC (sic) § 1983; Civil Rights Violation; Personal Injury," commences with an introductory paragraph alleging generally that his rights under the First, Sixth, Eighth, and

---

[1] Erroneously sued, according to defendants, as Grant Joint Union High School District, Police Service Division.

2

Fourteenth Amendments were violated by Grant Joint Union High School District Police Service Division, Officer Breck, and Officer Scott. Plaintiff's second amended complaint begins with the same general allegation. A side-by-side comparison of the two pleadings reveals that the second amended complaint is largely identical to the first amended complaint, except that plaintiff has added allegations summarizing his grounds for alleging constitutional violations by each officer. (Second Amended Compl. (SAC) at 4-5 & 11-13.) In these summaries, plaintiff alleges for the first time that the officers violated his rights under the Fourth Amendment. (SAC at 4 & 12.)

In his first cause of action, plaintiff alleges the following facts in support of his claim that Officer Breck violated his civil rights. On August 16, 2007, at approximately 2:00 p.m., plaintiff was sitting in his car parked at his residence. (SAC at 2.) He exited his car and started toward his residence, when he was startled by a voice yelling "hey you." (Id.) Plaintiff began to run and then heard sirens and people yelling at him. (Id.) Upon realizing that he was being addressed by police officers, plaintiff turned and saw that officers had their weapons drawn and pointed at him and were instructing him to come to them. (SAC at 3.) Plaintiff walked toward a gate to get to where the officers were and, as he did so, defendant officers Breck and Scott and other officers grabbed plaintiff and pulled him by his shirt "over and off a fence" that was five foot high. (Id.) The officers slammed plaintiff to the concrete pavement, breaking his left leg, ankle and toe, and then deliberately applied pressure to plaintiff's leg even after he had told them that they had broken it. (Id.) The officers detained him while conducting a warrant check. They found a failure by plaintiff to appear in a driving without a license case and issued him a citation/promise to appear. Plaintiff went to the hospital immediately after the incident and was told that his leg was broken. (Id.) Plaintiff contends that defendants had no right to stop him in the first place but that, if the stop was justified, the defendant officers had no right to use excessive force against him and especially no right to deliberately apply pressure to his broken leg for the sole purpose of causing him pain. (SAC at 3-4.)

3

1      Plaintiff contends that defendant Breck (1) violated his First Amendment rights by
2 "Defamation of character, embarrassing and insulting Plaintiff"; (2) violated his Fourth
3 Amendment rights by "Breaking plaintiffs [sic] left leg in front of his residence while minding
4 his own business peacefully"; (3) violated his Sixth Amendment rights when he informed the
5 officer "about leg being broke [sic] and was professionally neglected" and because there was no
6 accuser present to complain that plaintiff did anything wrong that would have warranted
7 harassment by the officers; (4) violated his Eighth Amendment rights by inflicting "Excessive
8 cruel negligence" and cruel and unusual punishment on a person who is diagnosed with
9 distinctive mental disabilities and is easily intimidated and frightened; and (5) violated his
10 Fourteenth Amendment rights by applying extreme pressure to plaintiff's broken leg after being
11 informed that it was broken, by having knowledge of the fact that plaintiff had been given a
12 fraudulent ticket, by depriving plaintiff of equal rights to medical treatment after being injured,
13 and by abridging the right to equal protection from pain. (SAC at 4-5.) Plaintiff claims that as a
14 result of defendant Breck's actions he has suffered personal injuries, pain and suffering,
15 emotional trauma, extreme fear, anxiety, loss of income, and loss of future income. He seeks
16 $300 million in damages and costs of suit on his cause of action against defendant Breck. (SAC
17 at 5-6.)

18      In his second cause of action, plaintiff alleges many of the same facts in support of
19 his claim that Officer Scott also violated his civil rights, with some additional facts related to the
20 August 16, 2007 incident. (SAC at 6-11.) Plaintiff alleges that from his own back yard he
21 surrendered to three officers who were in the next door neighbor's yard. (SAC at 7.) "After still
22 surrendering," he sat down in his yard and lit the cigarette that had been in his mouth, and he
23 took his time smoking his cigarette before peacefully approaching the officers, who dragged him
24 over the fence as soon as they could reach him. (SAC at 7-8.) He alleges that the officers
25 slammed him to the ground head first and defendant Scott tried to choke him and placed his knee
26 on the back of plaintiff's neck while defendant Breck was applying pressure to plaintiff's injured

4

leg and ankle. (SAC at 8.) Defendant Breck "hopped the fence" into plaintiff's back yard and searched it. (SAC at 9.) The officers dragged plaintiff to the patrol car. (Id.) Although plaintiff had an outstanding misdemeanor warrant, he was not taken to jail but was instead merely required to sign a promise to appear. (SAC at 10.) The officers attempted to add a charge of driving with no license on August 16, 2007, but plaintiff had a valid license and was not driving when defendants attacked him. (Id.) As in his first cause of action, plaintiff contends that defendants had no right to stop him in the first place but that, if the stop was justified, the defendant officers had no right to use excessive force against him and especially no right to deliberately choke him and apply pressure to his broken leg for the sole purpose of causing him pain. (SAC at 11.)

   Plaintiff contends that defendant Scott (1) violated his First Amendment rights by "Defamation of character, embarrassing and insulting Plaintiff"; (2) violated his Fourth Amendment rights by "Breaking plaintiffs [sic] left leg in front of his residence while minding his own business peacefully"; (3) violated his Sixth Amendment rights when he informed the officer "about leg being broke [sic] and was professionally neglected" and because there was no accuser present to complain that plaintiff did anything wrong that would have warranted harassment by the officers; (4) violated his Eighth Amendment rights by inflicting "Excessive cruel negligence" and cruel and unusual punishment on a person who is diagnosed with distinctive mental disabilities and is easily intimidated and frightened; and (5) violated his Fourteenth Amendment rights by using excessive force in choking plaintiff when plaintiff was not resisting, by participating in breaking plaintiff's leg, by depriving plaintiff of the "equal rights" of an injured person, and by abridging plaintiff's right to equal protection from pain. (SAC at 12-13.) Plaintiff claims that as a result of defendant Scott's actions he has suffered personal injuries, pain and suffering, emotional trauma, extreme fear, anxiety, loss of income, and loss of future income. He seeks $300 million in damages and costs of suit on his cause of action against defendant Scott. (SAC at 13.)

DEFENDANTS' ARGUMENTS

As in their motion to dismiss plaintiff's first amended complaint for failure to state a claim, defendants first argue that plaintiff has failed to allege any facts suggesting a custom or policy by the defendant school district and that the failure to allege such facts requires dismissal of this defendant because local government agencies cannot be sued on a respondeat superior theory for the unconstitutional acts of their employees. Counsel next argues that with respect to the defendant police officers, plaintiff has failed to allege any facts stating a cognizable claim under the First, Fourth, Sixth or Fourteenth Amendment and a claim of use of excessive force by police in the course of an arrest or investigatory stop is governed by the Fourth Amendment. Counsel argues that plaintiff has not stated a cognizable claim under the Fourth Amendment because he has failed to resolve the inconsistencies in his factual allegations, as directed by the court. In defendants' motion for a more definite statement, counsel argues that plaintiff's second amended complaint contains so many deficiencies that defendants cannot be expected to frame a proper response.

In defendants' separate motion to strike, counsel cites five portions of plaintiff's second amended complaint that were previously stricken from plaintiff's first amended complaint as irrelevant, impertinent, and scandalous and moves to strike those same portions from the second amended complaint.

In defendants' motion for sanctions, counsel argues that plaintiff has expressly violated the court's order of September 10, 2009 in his second amended complaint and that plaintiff has unreasonably and vexatiously multiplied these proceedings. Counsel cites the court's order directing plaintiff not to include in any second amended complaint the allegations that were stricken from the amended complaint and cautioning plaintiff that "failure to abide by this directive will result in the imposition of sanctions." (Order (Doc. No. 52) filed September 10, 2009, at 13-14.) Counsel points out that, despite the warning, plaintiff included some of the stricken allegations in his second amended complaint. Counsel also cites plaintiff's violation of

the court's order requiring him to title his amended complaint "Second Amended Complaint." Finally, counsel notes that, despite an order requiring compliance with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules, plaintiff failed to number the paragraphs in his second amended complaint, in violation of Federal Rule of Civil Procedure 10(b)'s requirement that parties state their claims or defenses in numbered paragraphs. Counsel also reviews the ways in which plaintiff has unreasonably and vexatiously multiplied the proceedings. Counsel requests an order awarding monetary sanctions to defendants in the amount of $1,139.50 for defendants' costs and reasonable attorney's fees and an additional $635.50 for preparation of the motion for sanctions.

LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTIONS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The court is permitted to consider material which is properly submitted as part of the complaint,

documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

A motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e) is designed to strike at unintelligibility, rather than want of detail.  See Woods v. Reno Commodities, Inc., 600 F. Supp. 574, 580 (D. Nev. 1984); Nelson v. Quimby Island Reclamation Dist., 491 F. Supp. 1364, 1385 (N.D. Cal. 1980).  The rule permits a party to move for a more definite statement "[i]f a pleading is so vague that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  It is not the function of such a motion to require the pleader to disclose details of the case, see Boxall v. Sequoia Union High Sch. Dist., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979), or to provide the evidentiary material that may properly be obtained by discovery, see Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981).  A motion for more definite statement should be denied if a pleading meets federal standards by providing a "short and plain statement" of the claim showing that the pleader is entitled to relief.  See Fed. R. Civ. P. 8(a)(2).

A motion to strike pursuant to Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  A motion to strike is well-taken when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." LeDuc v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992).  Impertinent allegations are those that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the litigation.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 (1994).  "Scandalous" within the meaning of Rule

12(f) includes allegations that cast a cruelly derogatory light on a party or other person. Talbot v. Robert Mathews Distributing Co., 961 F. 2d 654, 665 (7th Cir. 1992). Ultimately, whether to grant a motion to strike applying these standards lies within the sound discretion of the district court. Fantasy, Inc. v. Fogerty, 984 F.2d at 1527; see also California Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F. Supp. 2d 1028, 1032-33 (C.D. Cal. 2002).

## ANALYSIS

### I. Lack of Allegations as to Defendant Grant Joint Union High School District

Plaintiff's second amended complaint, like his first amended complaint, contains no allegations setting forth a cognizable claim against the defendant school district.

The Civil Rights Act of 1964 provides that

> [e]very person who, under color of [state law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A plaintiff proceeding under this statute must allege and ultimately prove that (1) he or she was deprived of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Section 1983 also requires that there be an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by each plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory

of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fogel v. Collins, 531 F.3d 824, 834 (9th Cir. 2008); Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, a complaint must allege specific facts concerning each defendant's violation of plaintiff's rights and must allege facts explaining how any conduct complained of resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). There can be no liability under 42 U.S.C. § 1983 unless there is an affirmative link or connection between each defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

In order to state a cognizable claim of municipal liability a plaintiff must allege in specific terms that he was injured as the consequence "of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy [.]" Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). See also Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

Here, plaintiff's second amended complaint contains no allegations of a policy or custom on the part of the defendant school district pursuant to which he was subject to harm. The second amended complaint simply alleges no facts that would make the defendant school district liable for what the defendant police officers did or did not do on the date in question. Plaintiff was advised of this defect in his first amended complaint and has not cured the defect in his second amended complaint. Accordingly, the undersigned will recommend that plaintiff's claims against defendant Grant Joint Union High School District be dismissed with prejudice.

/////

II. Plaintiff's First, Sixth, Eighth, and Fourteenth Amendment Claims

The undersigned finds that plaintiff's second amended complaint fails to state a cognizable First, Sixth, Eighth, or Fourteenth Amendment claim. The central allegation of plaintiff's second amended complaint is that the defendant police officers engaged in the use of excessive force against him in carrying out an investigatory stop. The United States Supreme Court has held that "a free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person" is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." Graham v. Connor, 490 U.S. 386, 388 (1989). See also United States v. Guzman-Padilla, 573 F.3d 865, 876 (9th Cir. 2009); Davis v. City of Las Vegas, 478 F.3d 1048, 1053-54 (9th Cir. 2007); Smith v. City of Hemet, 394 F.3d 689, 700 (9th Cir. 2005) (en banc). Plaintiff has failed to allege any facts that would suggest or state a separate cognizable claim under the First, Sixth, Eighth, or Fourteenth Amendment to the United States Constitution. Plaintiff was notified of this defect in his first amended complaint and has not cured the defect in his second amended complaint. Accordingly, the undersigned will recommend that plaintiff's First, Sixth, Eighth, and Fourteenth Amendment claims be dismissed with prejudice.

III. Excessive Force Actionable Under the Fourth Amendment

Defendants argue, as they previously speculated would be the case in their motion to dismiss the first amended complaint, that the allegations set forth in the second amended complaint fail to state a cognizable claim for a deprivation of plaintiff's rights under the Fourth Amendment for the use of excessive force in connection with an investigatory stop or detention. Defendants contend that plaintiff has failed to clarify his factual allegations and resolve inconsistent factual allegations, as directed by the court. The undersigned finds defendants' argument unpersuasive.

In the court's order dismissing plaintiff's first amended complaint with leave to amend, the undersigned noted that plaintiff had not characterized his excessive force claim as one

arising under the Fourth Amendment. In his second amended complaint, he expressly alleges a violation of his rights under the Fourth Amendment arising from "[b]reaking plaintiffs left leg in front of his residence while minding his own business peacefully." (SAC at 4.) Thus, plaintiff has cured the threshold defect of alleging his excessive force claim under inapplicable constitutional provisions.

Determining whether an officer's use of force was reasonable under the Fourth Amendment "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." Graham, 490 U.S. at 396. See also Scott v. Harris, 550 U.S. 372, 383 (2007); Guzman-Padilla, 573 F.3d at 877. The court is to consider the totality of the circumstances in making this determination. Samson v. California, 547 U.S. 843, 848 (2006); Guzman-Padilla, 573 F.3d at 876. Thus, the analysis begins with the assessment of "the quantum of force used to arrest [the plaintiff]" and the measuring "the governmental interests at stake by evaluating a range of factors." Davis, 478 F.3d at 1054 (quoting Deorle v. Rutherford, 272 F.3d 1272, 1279-80 (9th Cir. 2001)). In Graham, the Supreme Court set forth a non-exhaustive list of factors to be considered in evaluating whether the force used to effect a particular seizure is reasonable, including (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect actively resists detention or attempts to escape. 490 U.S. at 394-85 (citing Tennessee v. Garner, 47 U.S. 1, 8-9 (1985)); Davis, 478 F.3d at 1054. Another factor that may be considered is "the availability of alternative methods of capturing or subduing a suspect." Davis, 478 F.3d at 1054 (quoting Smith, 394 F.3d at 701). This "'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397. Of course, "[t]he use of force against a person who is helpless or has been subdued is constitutionally prohibited." Motley v. Parks, 432 F.3d 1072, 1088 (9th Cir.

2005) (and cases cited therein).

        Liberally construing plaintiff's second amended complaint, as the court must, the court finds that plaintiff alleges that on the day in question there was an outstanding warrant for his failure to appear on a misdemeanor charge. While he was walking from his car to his residence, someone from behind him yelled "hey you." He began to run, not realizing that he was being pursued by officers. Once he realized they were officers, plaintiff walked toward them to cooperate. However, defendants Breck and Scott and other officers grabbed him, pulled him over and off of a five foot high fence and slammed him to the concrete pavement, breaking his left leg and ankle and a toe on his left foot. Even though he was not resisting and told the officers his leg was broken, the defendant officers began applying pressure to plaintiff's broken leg, causing him excruciating pain. The officers did not arrest plaintiff but rather issued him a notice to appear and released him. Plaintiff went to the hospital where his broken leg was diagnosed and treated. These are plaintiff's allegations, which, at this stage of litigation, must be accepted as true. Those factual allegations state a cognizable claim for the violation of plaintiff's rights under the Fourth Amendment pursuant to the legal standards governing such a claim as set forth above.

        Although plaintiff's improvements to his pleading are slight, the undersigned now finds no inconsistency in the second amended complaint regarding plaintiff's location when stopped by the defendants. In his first cause of action, he alleges that he was startled by a voice from behind him yelling "hey you," he ran, he turned around when he heard sirens and realized he was being addressed by police officers, and, having run into his back yard, he walked toward the gate to get to where the officers were. (SAC at 2-3.) In his second cause of action, plaintiff alleges that the defendant officers had stopped their patrol car in the middle of the intersection without sounding any sirens and got out of the vehicle to attempt to apprehend him while he was walking from his car to his residence. (SAC at 6.) These allegations are consistent with plaintiff's allegation that as he walked from his car toward his residence he was startled by

1  someone behind him yelling "hey you." Plaintiff alleges that cameras from the patrol car should
2  show that he was walking with items in his hands – specifically a folder filled with music lyrics
3  and other papers in one hand and keys in the other hand – and a cigarette in his mouth when the
4  officers stopped their vehicle in the middle of the intersection and left the vehicle to approach
5  plaintiff. (SAC at 6-7.) Plaintiff alleges that he surrendered in his own back yard but sat down
6  and smoked his cigarette before getting close enough to the fence for the officers to grab him.
7  (SAC at 7.)

8         The undersigned finds that plaintiff has stated a cognizable Fourth Amendment
9  claim and therefore will not recommend that defendants' motion be granted as to the Fourth
10 Amendment claim.

11 IV.  Defendants' Motion for More Definite Statement

12        Defendants argue that plaintiff's second amended complaint contains so many
13 deficiencies that defendants cannot be expected to frame a proper response. (Defs.' Mot. to
14 Dismiss at 2.)

15        Upon careful consideration of plaintiff's second amended complaint and the legal
16 standards applicable to Rule 12(e) motions, and in light of the recommendation that all of
17 plaintiff's claims be dismissed except his Fourth Amendment claims against the two officers, the
18 undersigned finds that the pro se pleading is not impermissibly vague or ambiguous with regard
19 to plaintiff's allegations of a Fourth Amendment claim for use of excessive force in connection
20 with an investigatory stop or detention. Accordingly, the undersigned will recommend that
21 defendants' motion for more definite statement be denied.

22 V.  Defendants' Motion to Strike

23        As noted above, the court may strike "from any pleading any . . . redundant,
24 immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Defendants move to
25 strike the following portions of plaintiff's second amended complaint:
26 /////

> . . . plaintiff also has been shot in the past twice while his back was turned in the past. (SAC at 6)
>
> If plaintiff was as guilty as Defendants assumed, plaintiff had applicable of enough time to continue to invade the Grant Joint Union High School District Police Service Division. (SAC at 7)
>
> Plaintiffs (payee) mother Denise Gram, also wrote a notarized statement, filed a complaint with Grant Joint Union High School District Police Services Division on Grand Ave. across the street from Grant Joint Union High School as soon as she was informed about the harassment on August 16th of 2007, immediately. She came home and found plaintiff's house keys and music folder from his self employed record label in the back yard of plaintiff's residence 1060 North Ave. Sac, Ca. 95838, after Defendants supposively [sic] searched back yard during harassment. Plaintiff's house keys weren't retrieved by defendants, plaintiffs music folder with his self employed record label documents from City Hall wasn't retrieved by defendants after their search was done. Plaintiff's mother found that evidence. (SAC at 10)
>
> Defendants are not to be trusted. Plaintiff fears for his life being targeted by officers of the law. The matter lives on plaintiffs mind until this day. Plaintiff is a target. (SAC at 10)
>
> . . . done by corrupt officers.

(SAC at 11).

Defendants' unopposed motion to strike is well-taken. The above-cited allegations of plaintiff's second amended complaint are most charitably characterized as pure argument that is immaterial or, at worst, scandalous. The undersigned will recommend that the motion to strike be granted.

## LEAVE TO AMEND

The undersigned has considered whether plaintiff should be granted leave to file a third amended complaint. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Prejudice to the opposing party is often the most important factor. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 330-31 (1971)). See also Klamath-Lake Pharm.

1  Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while
2  leave to amend shall be freely given, the court does not have to allow futile amendments).

3        Here, plaintiff has amended his complaint twice without curing the defects of his
4  Monell claim against the Grant Joint Union High School District.  It does not appear that the
5  defects of his First, Sixth, Eighth, and Fourteenth Amendment claims are curable, given the
6  Supreme Court's determination that Fourth Amendment analysis applies to claims of excessive
7  force in connection with an investigatory stop or detention.  In addition, plaintiff failed to comply
8  with the court's order prohibiting him from including in his second amended complaint
9  allegations stricken from the first amended complaint.  For these reasons, the undersigned finds
10 that it would be futile to grant plaintiff leave to file a third amended complaint.  The undersigned
11 will therefore recommend that defendants' motion to dismiss be granted in part as indicated
12 above without leave to further amend.

## SANCTIONS

14       The undersigned has found that defendants' motion to dismiss should be granted
15 with respect to plaintiff's claims against defendant Grant Joint Union High School District and
16 plaintiff's First, Sixth, Eighth, and Fourteenth Amendment claims against defendants Breck and
17 Scott.  However, the undersigned has rejected defendants' argument that plaintiff has not alleged
18 a cognizable Fourth Amendment claim for use of excessive force.  It appears that the pro se
19 plaintiff made a good faith effort to present his cognizable use of force claim as one brought
20 under the Fourth Amendment.  The undersigned has found that defendants' motion to strike is
21 well taken and should be granted, while defendants' motion for more definite statement should
22 be denied.  While plaintiff has expressly violated certain aspects of court orders and applicable
23 rules, the undersigned does not find the violations to be outside the parameters of typical
24 litigation by parties proceeding pro se.  As stated at the hearing, the undersigned is not inclined to
25 impose or recommend the imposition of sanctions at this time under these circumstances.
26 Accordingly, the court will recommend that defendants' motion for sanctions be denied.

PLAINTIFF'S MOTIONS

In his "Motion for Appealing Judgement or Order Pursuant to Federal Rules of Civil Procedure 73," plaintiff objects to the court's November 18, 2009 order denying four inappropriate motions filed by plaintiff on November 9, 2009.  The court's order prohibited plaintiff from filing any further motions until the undersigned has issued findings and recommendations addressing defendants' pending motions.

Plaintiff's motion for appealing a judgment must be denied because no judgment has been entered in this case and the order cited by plaintiff is not a final order.  To the extent that plaintiff seeks to file an interlocutory appeal, the motion must be denied because plaintiff has not demonstrated that an interlocutory appeal should be permitted.  See 28 U.S.C. § 1292.  Plaintiff's related motions to proceed in forma pauperis on appeal and for transcripts at government expense will be denied without prejudice until such time as a final judgment is entered and a proper appeal is filed.  Plaintiff is referred to the Federal Rules of Appellate Procedure for the rules that govern appeals from a final judgment.  See Fed. R. App. P. 3 & 4.  If plaintiff appeals a final judgment at a later time, plaintiff should not request transcripts unless and until the Court of Appeals notifies him that transcripts are needed.  Any motion to proceed in forma pauperis on appeal should be directed to the United States Court of Appeals after an appeal is properly filed.

CONCLUSION

If these findings and recommendations are adopted, this case will proceed only on plaintiff's Fourth Amendment claims against officers Breck and Scott as alleged in plaintiff's Second Amended Complaint.  Defendants Breck and Scott will be obligated to file their answer to plaintiff's Fourth Amendment claims in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).  Upon the filing of any answer, the undersigned will issue an order requiring the parties to file status reports that will enable the court to schedule further proceedings.

/////

1          Accordingly, IT IS HEREBY ORDERED that:

2          1. Plaintiff's November 23, 2009 motion for leave to file an interlocutory appeal (Doc. No. 70) is denied;

3          2. Plaintiff's November 23, 2009 motion to proceed in forma pauperis on appeal (Doc. No. 71) is denied without prejudice;

4          3. Plaintiff's November 23, 2009 motion for transcripts at government expense (Doc. No. 72) is denied without prejudice;

5          4. The Clerk of the Court is directed to serve this order and findings and recommendations on plaintiff at his address of record and also at the following address:

> Chaderick A. Ingram, X-3076322
> Sacramento County Main Jail
> 651 I Street
> Sacramento, CA 95814

6          5. The Clerk of the Court is directed to send a courtesy copy of this order and findings and recommendations to:

> Lexi Negin, Assistant Federal Defender
> Office of the Federal Defender for the Eastern District of California
> 801 I Street, 3rd Floor
> Sacramento, CA 95814

IT IS RECOMMENDED that:

1. Defendants' September 21, 2009 motion to strike portions of plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(f) (Doc. No. 54) be granted and the specified portions of the pleading be deemed stricken;

2. Defendants' September 21, 2009 motion to dismiss and for more definite statement (Doc. No. 56) be

    (a) granted as to dismissal of all claims against Grant Joint Union High School District Police Services Division;

/////

    (b) granted as to dismissal of all claims alleged under the First, Sixth, Eighth and Fourteenth Amendments;

    (c) denied as to dismissal of the claims alleged against defendants Breck and Scott under the Fourth Amendment;

    (d) denied as to requiring a more definite statement; and

  3. Defendants' September 21, 2009 motion for sanctions (Doc. No. 58) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed within seven (7) days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 13, 2010.

                   _____
                   DALE A. DROZD
                   UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\ingram2490.oah110609.f&r