JOANNA R. MENDOZA, State Bar No. 148320
LAW OFFICES OF JOANNA R. MENDOZA, P.C.
P.O. Box 2593
Granite Bay, CA  95746
(916) 781-7600
(916) 781-7601 FAX
jmendoza@theiplawfirm.com

Attorney for Plaintiff
CHADERICK A. INGRAM and
Petitioner LAWRENCE PERNELL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHADERICK A. INGRAM, | CASE NO.  CIV S-08-2490 KJM DAD |
| Plaintiff, | |
| v. | **EX PARTE PETITION FOR COURT APPROVAL OF SETTLEMENT; ORDER** |
| GRANT JOINT UNION HIGH SCHOOL DISTRICT, et al, | [FRCP Rule 17; EDCA Rule 202] |
| Defendants. | |

Petitioner Lawrence Pernell, guardian ad litem for the Plaintff, states as follows:

1.    Plaintiff, Chaderick Ingram, an adult male, filed an initial Complaint in Sacramento County Superior Court (Case Number 34-2008-00019165) on August 13, 2008, alleging a cause of action against the District and individuals Beck and Scott.

2.    On October 20, 2008, Defendants removed the case to the Eastern District Court of California pursuant to the provisions of 28 U.S.C. §1441(b) in that Plaintiff alleged claims of excessive force against the defendants resulting in a violation of petitioner's civil rights under 42 U.S.C. §1983.  This claim arose out of an incident which occurred on or about August 16, 2007, between the plaintiff and the individual defendants, during which the defendants apprehended the plaintiff and issued a ticket.

3. Plaintiff filed amended complaints in the Eastern District Court on October 31, 2008 and September 14, 2009.

4. On September 9, 2010, the Court dismissed the District as a defendant pursuant to its motion to dismiss.

5. On December 23, 2010, the Honorable District Court Judge Morrison C. England, Jr. found Plaintiff to be mentally incompetent pursuant to 18 U.S.C. § 4241(d) in connection with Plaintiff's separate criminal case.

6. On February 16, 2011, Defendants Beck and Scott filed a Motion for Judgment on the Pleadings on the grounds that Plaintiff lacked capacity to sue and was unable to represent himself in Court without the representation of an attorney.

7. On March 28, 2011, the Court appointed attorney Joanna R. Mendoza for the limited purpose of representing Plaintiff in connection with Defendant Beck's and Scott's Motion for Judgment on the Pleadings.

8. On April 1, 2011, the Court deferred ruling on Beck and Scott's Motion for Judgment on the Pleadings to provide an opportunity for Ms. Mendoza to find a guardian ad litem for Plaintiff, and for settlement discussions to occur between the Parties.

9. On April 7, 2011, the Court signed an order appointing Lawrence Pernell, the plaintiff's adult brother, as guardian ad litem for Plaintiff.

10. Thereafter, the parties engaged in settlement discussions and negotiated a settlement agreement which provides for a release of all claims against the defendants in exchange for a payment of ten-thousand dollars ($10,000) to be made to the plaintiff to be memorialized in a standard release and settlement agreement as drafted by counsel for both sides and approved by the parties. For purposes of the settlement agreement, the parties have agreed that no physical injury was caused by the defendants. No defendant has offered to pay money to any person or persons other than the plaintiff to settle claims arising out of the same incident which is the subject of plaintiff's complaint.

11. In accordance with the applicable California law (pursuant to Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group

2010), 15:137-138), petitioner further states, to the best of his knowledge: a) the plaintiff's action is **not** for damages for the death of a person caused by a wrongful act or neglect of another; b) no portion of the net proceeds of the settlement in favor of plaintiff is to be placed in a trust; c) there are no unresolved disputes concerning liens to be satisfied from the proceeds of the judgment or settlement; d) plaintiff's and petitioner's attorney did not become involved with this matter, directly or indirectly, at the request of a party against whom the claim is asserted or any insurance carrier; e) plaintiff's and petitioner's attorney is not representing, employed by, or associated with a defendant in this matter or an insurance carrier; f) all defendants that have appeared in the pending action are participating in the proposed compromise and settlement; and g) the total of the settlement described in Paragraph 10 above is less than $50,000 and therefore may be approved by the Court on an expedited basis.  [Cal. Judicial Council Form MC-350EX, Item 3].

12.     Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident, the responsibility for the incident, and the nature, extent and seriousness of the plaintiff's claims.  Petitioner fully understands that if the compromise proposed in this petition is approved by the Court and is consummate, the plaintiff will be forever barred from seeking any further recovery of compensation from the settling defendants even though the plaintiff's claims may in the future appear to be more serious than they are now thought to be.

13.     The attorney representing the plaintiff and petitioner, Joanna R. Mendoza, is not representing or employed by any other party involved in this matter and has not received, nor does she expect to receive, any attorney's fees or other compensation for services provided in connection with this action.  The plaintiff will receive the entire settlement amount of ten-thousand dollars ($10,000) upon approval by the Court.

14.     There is no conservatorship of the estate of the plaintiff.  Petitioner requests that the entire proceeds of the settlement be disbursed directly to the plaintiff.

15.     Petitioner recommends the compromise settlement to the Court as being fair, reasonable, and in the best interest of the plaintiff and requests that the Court approve this

compromise settlement and make such other and further orders as may be just and reasonable. Once the settlement is approved by the Court and the parties execute the final settlement agreement, a full dismissal of this action, with prejudice, will be sought.

DATED: June 15, 2011  LAW OFFICES OF JOANNA R. MENDOZA, P.C.

  /Joanna R. Mendoza/  
 JOANNA R. MENDOZA  
 Attorney for Plaintiff

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and understanding.

  /s/  
 LAWRENCE PERNELL

**ORDER**

The petition for an order approving the settlement is GRANTED.

IT IS SO ORDERED.

DATED: July 20, 2011.

  _____  
 UNITED STATES DISTRICT JUDGE